# In the United States Court of Federal Claims

No. 20-175C
Filed: December 15, 2020
NOT FOR PUBLICATION

|  |  |
|---|---|
| KERRY L. SLOAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>　　　　　Defendant. | RCFC 12(b)(1); Subject-Matter Jurisdiction; 28 U.S.C. § 1495; 28 U.S.C. § 2513; Unjust Conviction; Fourth Amendment. |

*Kerry L. Sloan,* Seagonville, TX, plaintiff *pro se*.

*Jimmy S. McBirney*, Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman*, *Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

**I.　　INTRODUCTION**

Plaintiff *pro se*, Kerry L. Sloan, brings this action alleging that the United States Marshals Service (the "Marshals Service") illegally entered his residence and performed an illegal search and seizure, in violation of the Fourth Amendment to the United States Constitution and 28 U.S.C. §§ 1495 and 2513. *See generally* Compl. As relief, plaintiff seeks to recover $5,000 in monetary damages. *Id.* at 2. The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

Plaintiff *pro se*, Kerry L. Sloan, alleges that the Marshals Service illegally entered, searched and seized his property located in Harker Heights, Texas.  *See* Compl. at 1.  Plaintiff states that he brings his claims to recover monetary damages from the United States, pursuant to the Fourth Amendment and 28 U.S.C. §§ 1495 and 2513.  *Id*.

In the complaint, plaintiff alleges that the actions of the Marshals Service caused "[e]xtensive damage to [the] door and outer frame and infrastructure[]" of his residence.  *Id.*  And so, plaintiff seeks to recover $5,000 in monetary damages from the United States for the "door, man hours, infrastructure, outer interior, [and] undo stress and uncertainty that was placed on [his] wife and family," as a result of the Marshals Service's actions.  *Id.* at 2.

### B.     Procedural History

Plaintiff commenced this matter on February 18, 2020.  *See generally* Compl.  On April 10, 2020, the government filed a motion to dismiss this matter, pursuant to RCFC 12(b)(1).  *See generally* Def. Mot.  On June 29, 2020, plaintiff filed a response and opposition to the government's motion to dismiss.  *See generally* Pl. Resp.

The government's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III.    LEGAL STANDARDS

### A.     *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel.  And so, the Court applies the pleading requirements leniently.  *See Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 926 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)).  When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than plaintiffs

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."); the civil cover sheet ("Civil Cover Sheet"); the government's motion to dismiss ("Def. Mot."); and plaintiff's response and opposition to the government's motion to dismiss ("Pl. Resp.").  Unless otherwise stated, the facts recited herein are undisputed.

who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that *pro se* complaints, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995)).

Given this, while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the [C]ourt's jurisdictional requirements.") (citing *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)) (emphasis added); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("*Pro se* litigants are not immune from laws and rules of procedure simply on the basis of their *pro se* status.") (citation omitted).

**B.   RCFC 12(b)(1)**

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006) (citing RCFC 12(h)(3)).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists."  *United States v. Testan,* 424 U.S. 392, 398 (1976).

To come within the jurisdictional reach and waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.  *Cabral v. United States,* 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005).  And so, if the Court finds that the source of law alleged is not money-mandating, the Court must dismiss the case for lack of subject-matter jurisdiction.  *Fisher*, 402 F.3d at 1173; RCFC 12(b)(1).

Specifically relevant to this matter, it is well-established that this Court does not possess subject-matter jurisdiction to consider claims based upon the Fourth Amendment to the United States Constitution, because this constitutional provision is not money-mandating.  *Godfrey v. United States* 131 Fed. Cl. 111, 120 (2017) (holding that the Court does not have jurisdiction to adjudicate civil claims in violation of the Fourth, Sixth, and Eighth Amendments, as well as the Due Process Clauses of the Fifth and Fourteenth Amendments, because those provisions of law are not money-mandating).  And so, the Court must dismiss claims that are based upon the Fourth Amendment for lack of subject-matter jurisdiction.

### C.     **Unjust Conviction Claims**

This Court may hear claims properly brought pursuant to 28 U.S.C. § 1495 for unjust conviction and imprisonment.  *See, e.g.*, *Castro v. United States*, 364 F. App'x 619, 620 (Fed. Cir. 2010); *Tucker v. United States*, 142 Fed. Cl. 697, 716 n.4 (2019); *Abu-Shawish v. United States*, 120 Fed. Cl. 812, 813 (2015).  Specifically, Section 1495 provides the Court with "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."  28 U.S.C. § 1495.

But, a plaintiff bringing such a claim must also satisfy the requirements of 28 U.S.C. § 2513. *See Castro*, 364 F. App'x at 620. Specifically, a plaintiff bringing an unjust conviction claim "must allege and prove" that:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction; and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a)(1)-(2). And so, to establish jurisdiction over his unjust conviction claim, plaintiff "must obtain a certificate of innocence from the district court which states that not only was he not guilty of the crime of conviction, but also that none of his acts related to the charged crime were other crimes." *Abu-Shawish*, 120 Fed. Cl. at 813; *see also* 28 U.S.C. § 2513(b).

### IV.  LEGAL ANALYSIS

The government has moved to dismiss this matter for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), upon the grounds that: (1) the Court does not possess subject-matter jurisdiction to consider plaintiff's Fourth Amendment claim and (2) plaintiff has not established jurisdiction to pursue his unjust conviction claim under 28 U.S.C. §§ 1495 and 2513. *See generally* Def. Mot. For the reasons discussed below, the Court does not possess subject-matter jurisdiction to consider either of plaintiff's claims. And so, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint.

#### A.  The Court May Not Consider Plaintiff's Constitutional Law Claim

As an initial matter, the Court may not consider plaintiff's Fourth Amendment claim. In the complaint, plaintiff alleges that the Marshals Service illegally entered his residence and performed an illegal search and seizure, in violation of the Fourth Amendment. Compl. at 1. But, it is well-established that the Fourth Amendment is not a money-mandating source of law that plaintiff can rely upon to establish jurisdiction in this case. *Godfrey*, 131 Fed. Cl. at 120 (holding that "the Fourth, Sixth, and Eighth Amendments, and the Due Process Clauses of the Fifth and Fourteenth

5

Amendments are not money mandating."). And so, the Court must dismiss plaintiff's Fourth Amendment claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### B. The Court May Not Consider Plaintiff's Unjust Conviction Claim

Plaintiff's unjust conviction claim is also jurisdictionally precluded under the Tucker Act. Pursuant to 28 U.S.C. § 1495, this Court possesses subject-matter jurisdiction to consider a claim for compensation due to unjust conviction and imprisonment. 28 U.S.C. § 1495; *Salman v. United States*, 69 Fed. Cl. 36, 39 (2005). But, for the Court to exercise jurisdiction over plaintiff's unjust conviction claim here, plaintiff must show that the conviction at issue involves an "offense against the United States" and that: (1) his conviction has been reversed or set aside by a court on the ground that he was not found guilty of the offense for which he was convicted; (2) he was found not guilty on a new trial or rehearing; or (3) he has been pardoned. *Salman*, 69 Fed. Cl. at 39; *Lott v. United States,* 11 Cl. Ct. 852, 852-53 (1987); 28 U.S.C. § 2513(a).

Plaintiff makes no such showing here. In the complaint, plaintiff cites to 28 U.S.C. §§ 1495 and 2513 as the basis for his claim for monetary damages. Compl. at 1. But, plaintiff has not alleged any facts to show that his conviction has been reversed or set aside, he was found not guilty at a new hearing or trial, or that he was pardoned. *See generally* Compl.; *see also* Pl. Resp. And so, the Court must also dismiss plaintiff's unjust conviction claim for lack of subject-matter jurisdiction.[2] RCFC 12(b)(1).

### V.  CONCLUSION

In sum, when construed in the light most favorable to plaintiff, the complaint makes clear that the Court does not possesses subject-matter jurisdiction to consider either of plaintiff's claims. And so, the Court must dismiss the complaint for lack of subject-matter jurisdiction. RCFC 12(b)(1).

---

[2] In his response and opposition to the government's motion to dismiss, plaintiff argues for the first time that he is asserting a tort claim pursuant to the Federal Tort Claims Act. Pl. Resp. at 1. But, it is well-established that this Court does not possess subject-matter jurisdiction to review tort claims. 28 U.S.C. § 149l(a)(l); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort.").

For the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss; and

2. **DISMISSES** the complaint.

The Clerk's Office shall enter judgment accordingly.

No costs.

**IT IS SO ORDERED.**

                                    s/ Lydia Kay Griggsby
                                    LYDIA KAY GRIGGSBY
                                    Judge