# In the United States Court of Federal Claims

(Pro Se)

|  |  |
|---|---|
| KERRY L. SLOAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20-175C |
| v. ) | (Filed: August 10, 2021) |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

    On December 15, 2020, Court of Federal Claims Judge Lydia Kay Griggsby granted the government's motion to dismiss the above-captioned case for lack of jurisdiction. See Mem. Op. and Order at 4, Dkt. No. 16 (explaining that this Court lacks jurisdiction over claims based on the Fourth Amendment to the United States Constitution, because that constitutional provision is not money-mandating); id. at 6 (explaining that, despite Plaintiff's citation to 28 U.S.C. §§ 1495 and 2513 as the basis for his claim for monetary damages, Plaintiff did not allege any facts which could demonstrate that he was entitled to relief pursuant to that statute). Accordingly, judgment was entered and the case dismissed. Dkt. No. 17. On August 4, 2021, having received a submission from Plaintiff, the Court directed the Clerk of Court to return Plaintiff's documents unfiled because the case had already been dismissed. See Order, Dkt. No. 18; see also Dkt. No. 18-1 (deficiency memorandum attached to that order).

    The Court is now in receipt of Plaintiff's most recent submission to the Clerk, consisting of: (1) Plaintiff's motion entitled "Unresolved Claim," stating that this Court now has jurisdiction under the Federal Tort Claims Act ("FTCA"), seeking damages pursuant to the Tucker Act, 28 U.S.C. § 1491, and reasserting his claim for relief pursuant to 28 U.S.C. § 1495; (2) a copy of the second page of Plaintiff's original complaint, see Compl. at 2, Dkt. No. 1; (3) a copy of the Court's June 8, 2020 Show Cause Order; and (4) a copy of a July 13, 2021 order dismissing for lack of jurisdiction a claim filed by Mr. Sloan in the Northern District of Oklahoma in relation to his criminal case before that court.

    Even if the Court were to construe Plaintiff's filing as a motion for relief pursuant to Rule 60(b) of the Rules of the Court of Federal Claims ("RCFC"), for the reasons set forth below, Plaintiff has not established that he is entitled to relief from judgment under RCFC 60(b).

    RCFC 60(b) states that the Court "may relieve a party . . . from a final judgment, order, or proceeding" for any of six enumerated reasons:

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

RCFC 60(b).

"As a remedial provision, Rule 60(b) is to be 'liberally construed for the purpose of doing substantial justice.'" Patton v. Sec'y of Dep't of Health & Human Servs., 25 F.3d 1021, 1030 (Fed. Cir. 1994) (citing 7 James W. Moore & Jo Desha Lucas, Moore's Federal Practice ¶¶ 60.18[8], 60.19 (2d ed. 1993)). At the same time, "[t]he United States Supreme Court has 'cautioned that the Rule should only be applied in extraordinary circumstances.'" Perry v. United States, 558 F. App'x 1004, 1006 (Fed. Cir. 2014) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988)) (alterations omitted); see also Kennedy v. Sec'y of Health & Human Servs., 99 Fed. Cl. 535, 548, aff'd, 485 F. App'x 435 (Fed. Cir. 2012) (explaining that such exceptional or extraordinary circumstances exist when, absent relief, a "grave miscarriage of justice" would result, and the "substantial rights" of the party would be harmed). Therefore, in ruling on a motion under RCFC 60(b), a court must strike "a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." Hutchins v. Zoll Med. Corp., 492 F.3d 1377, 1386 (Fed. Cir. 2007) (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2851 (2d ed. 1995)).

Having considered Plaintiff's submission, the Court concludes that none of Rule 60(b)'s grounds for relief are met here. Mr. Sloan does not identify a specific subsection of RCFC 60(b) pursuant to which he requests that the Court grant him relief from its earlier judgment. But attached to his motion is an order issued by Judge Claire V. Eagan of the United States District Court for the Northern District of Oklahoma dismissing for lack of jurisdiction his claims filed in that court. In the order, Judge Eagan explained that the court presiding over Mr. Sloan's criminal case lacked jurisdiction over his civil claim for monetary damages pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Citing that order, the FTCA, Bivens, and 28 U.S.C. § 1491(a)(1), Mr. Sloan asserts that his claim before this Court is now "ripe for litigation."[1]

---

[1] To the extent that Mr. Sloan's submission is intended to challenge the order issued by the district court, this Court lacks jurisdiction to review decisions of the Federal district courts. Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) (holding that the Court of Federal Claims "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts").

2

However, Mr. Sloan's motion, which restates claims made in his initial complaint, does not allege that he is entitled to relief from judgment due to a mistake; newly discovered evidence;[2] fraud; or because the judgment is void, or has been satisfied, released or discharged. In short, Mr. Sloan has not met any of the criteria which could justify relief under RCFC 60(b)(1)–(5). And he has not pointed to exceptional or extraordinary circumstances under which this Court could grant relief pursuant to RCFC 60(b)(6). As explained in Judge Griggsby's December 15, 2020 Order, this Court lacks jurisdiction over claims based on the Fourth Amendment to the United States Constitution, because that constitutional provision is not money-mandating. Mem. Op. and Order at 4. Likewise, claims asserting a cause of action under Bivens "lie outside the jurisdiction of the Court of Federal Claims" because "[t]he Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). And claims under the FTCA are also outside the Court's subject matter jurisdiction. See Robleto v. United States, 634 F. App'x 306, 308–09 (Fed. Cir. 2015) (per curiam); see also 28 U.S.C. § 1346(b)(1). Further, Plaintiff has not alleged any new facts which could demonstrate that he is entitled to relief pursuant to 28 U.S.C. §§ 1495 and 2513. In other words, Mr. Sloan does not reference any other money-mandating source of substantive law that would confer subject-matter jurisdiction over any potentially related claims upon this Court under the Tucker Act.

Accordingly, Plaintiff has not provided the Court with any reason that he is entitled to relief from judgment or demonstrated any "extraordinary circumstances" justifying relief under any of the grounds set forth in RCFC 60(b)(1)–(6). Therefore, his motion is **DENIED**.

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Chief Judge

---

[2] RCFC 60(b)(2) does not provide any basis for the Court to grant Mr. Sloan relief from the judgment based upon the additional documents he has appended to his motion. That provision authorizes relief from judgment where the movant supplies "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b)." RCFC 60(b)(2). "In order to prevail on a Rule 60(b)(2) motion, a movant must demonstrate . . . that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." Venture Indus. Corp. v. Autoliv ASP. Inc., 457 F.3d 1322, 1328 (Fed. Cir. 2006) (quoting Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998)) (omission in original). Plaintiff has made no such allegation here.